**UNITED STATES of America,**

v.

**Ralph DiFELICE, Defendant.**

**No. 92 Cr. 665(MEL).**

United States District Court,
S.D. New York.

Nov. 17, 1993.

Mary Jo White, U.S. Atty., S.D.N.Y., New York City, (Victor Olds, Asst. U.S. Atty., of counsel), for U.S.

Leonard F. Joy, The Legal Aid Soc., New York City (Julie Prag Vianale, of counsel), for defendant.

LASKER, District Judge.

Ralph DiFelice moves to suppress at trial all evidence derived from certain telephone conversations between him and one Todd Orlich who, according to the indictment, is one of the victims of DiFelice's unlawful activities. DiFelice maintains that the telephone conversations were unlawfully recorded by Orlich because DiFelice did not know he was being taped. DiFelice requests a hearing on the motion.

The lawfulness of Orlich's interception of the telephone conversations turns on the provisions of 18 U.S.C. § 2511(2)(d) which carve out a limited exception to the general prohibition against the intentional interception of wire communications in cases where the person intercepting the communication is a party to the communication. Section 2511(2)(d) provides:

It shall not be unlawful under this chapter for a person not acting under color of law

---

**2.** I find the other arguments raised by defendants likewise lacking in merit and not to require separate discussion.

to intercept a wire ... communication where such person is a party to the communication ... unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the ... laws of ... any State.

DiFelice maintains that Orlich's recordings of their conversations do not fall within the Section 2511(2)(d) exception because Orlich supposedly intercepted them "for the purpose of committing [a] criminal or tortious act in violation of the ... laws of ... [Massachusetts]." He argues that this is so because Massachusetts law prohibited Orlich's recordings. *See* Mass.Ann.Laws ch. 272, § 99 B(4) and C (Law. Co-op.1992) (Private recordings prohibited unless made with the consent of all parties).

The government responds that Orlich's purpose in recording the telephone conversations was "to memorialize those discussions simply to prove that the defendant made the admissions contained thereon" and that "[t]here is absolutely no evidence that the tapes were intended for, or sought to be used to accomplish, any illicit or improper purpose."

DiFelice's counsel's statement in her Affirmation in support of the motion that a "hearing will reveal that Mr. Orlich acted with the purpose of violating Massachusetts law in his interception of the calls with Mr. DiFelice and in his disclosure of these interceptions to the government" appears to be based on surmise alone and does not justify holding a hearing on DiFelice's motion. Assuming that Orlich's recordings violated Massachusetts law, that fact by itself does not establish that he intercepted the conversations "for the purpose of committing [a] criminal or tortious act in violation of the ... laws of ... any State."

DiFelice may have established that Orlich's recordings violated Massachusetts state law. However, "[i]t is well settled throughout the federal system that federal law governs the admissibility of evidence in federal criminal cases and that state laws which would bar the admission of evidence have no effect on a federal court's determination." *United States v. Eyerman,* 660 F.Supp. 775, 779 (S.D.N.Y.1987) (Rejecting motion to sup-

press premised on violation of Mass.Ann. Laws ch. 272, § 99 in federal criminal case because federal law permitted the interception) (citing *United States v. Turner,* 558 F.2d 46, 49 (2d Cir.1977)).

The motion to suppress is denied.

It is so ordered.